■ Isaiah Spearing, Respondent, v Sandra Spearing, Appellant. [8 NYS3d 100]—

Order, Supreme Court, Bronx County (Nelida Malave-Gonzalez, J.), entered January 3, 2013, to the extent it granted plaintiff's motion to reargue, and, upon reargument, vacated an order, same court and Justice, entered on or about September 15, 2011, granting defendant's motion to modify the judgment of divorce to reflect that the New York City Police Pension Fund had succeeded the New York City Employees' Retirement System (NYCERS) as the administrator of plaintiff's pension plan, and directed plaintiff to distribute to defendant 25% of the sum he received from NYCERS as her equitable share of his pension, unanimously modified, on the law, without costs, to reinstate the September 15, 2011 order, and otherwise affirmed without costs. The appeal from the January 3, 2013 order insofar as it denied defendant's cross motion for an order directing that 25% of plaintiff's pension benefits be placed in escrow pending the resolution of the proceedings, unanimously dismissed, without costs, as academic.

Given the brevity of the prior order, we cannot conclude that the court improperly granted reargument (CPLR 2221 [d]).

In any event, the court should have adhered to its prior determination (*id.*). Plaintiff retired in 2009. The parties' 1991 stipulation of settlement, which was incorporated but did not merge into the judgment of divorce, clearly and unambiguously provides that defendant is entitled to 25% "of the value of" plaintiff's pension and retirement benefits "when available" to him, to be paid at 25% of plaintiff's "periodic or lump sum pension and retirement benefits at the time plaintiff receives them." It identifies NYCERS as the retirement plan in which plaintiff is a participant and further provides that at such time as plaintiff commences receiving retirement or pension payments from NYCERS, NYCERS shall pay defendant her 25% share. As the record conclusively demonstrates, contrary to the motion court's finding, plaintiff's NYCERS pension was transferred to the Police Pension Fund in 1995, when the City's law enforcement departments merged. Thus, defendant is entitled to 25% of sums paid to plaintiff by NYCERS as well as

25% of plaintiff's retirement and pension benefits from the Police Pension Fund. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.